UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 1:99-CR-01-04

HON. RICHARD ALAN ENSLEN

v.

CHARLES EDWARD BENNETT,

        Defendant.

**ORDER**

_____/

This matter is before the Court on Defendant Charles Edward Bennett's § 2255 Motion to Vacate, Set Aside, or Correct Sentence.

On January 13, 1999, an Indictment was issued against Defendant and several other individuals, charging them with conspiracy to distribute and possession with intent to distribute cocaine, crack cocaine, and marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1). A jury trial commenced on April 18, 2000. Defendant was found guilty on April 25, 2000, and was convicted of Count One of a Third Superceding Indictment charging Conspiracy to Distribute and Possession with Intent to Distribute Cocaine Base and Marijuana. Defendant appealed his sentence to the Sixth Circuit Court of Appeals, which affirmed his conviction on July 21, 2003, and issued a mandate on October 1, 2003. (Dkt. Nos. 475 & 479.) Defendant then sought a writ of *certiorari* from the United States Supreme Court, which was denied on April 7, 2004. (Dkt. No. 492.) Defendant now makes a timely motion for relief under 28 U.S.C. § 2255. Upon review, this Court finds that an evidentiary

1

hearing is not necessary because the files and records of the case conclusively show that Defendant is not entitled to relief. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

The Sixth Circuit's decision in *Watson v. United States*, 165 F.3d 486 (6th Cir. 1999) summarized the basic legal standards for relief under section 2255 as follows:

> To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-638, 113 S. Ct. 1710, 1721-1722, 123 L.Ed.2d 353 (1993). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L.Ed.2d 417 (1962)).

*Id.* at 488. Furthermore, relief under section 2255 is not intended to do service for an appeal. *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *see also Murr v. United States*, 200 F.3d 895, 900 (6th Cir. 2000) (citing *United States v. Frady*, 456 U.S. 152, 164-67 (1982)).

Defendant requests relief under the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 124 S. Ct. 2531 (U.S. June 24, 2004), and its more recent decision in *Booker v. United States*, 2005 WL 50108 (U.S. Jan. 12, 2005). *Apprendi* was decided before Defendant was sentenced and was applied at the time of his sentencing. Defendant is seeking retroactive application of *Blakely* and *Booker* to his case. Retroactivity is governed by the Supreme Court's decision in *Teague v. Lane,* 489 U.S. 288 (1989). Applying the *Teague* analysis in *Goode v. United States*, 305 F.3d 378, 382 (6th Cir. 2002), the Sixth Circuit held that the rule in *Apprendi*, the legal precedent which gave rise to the *Blakely* and *Booker* cases, would not be applied retroactively, consistent with the determination of other circuit courts of appeal. Furthermore, in

*Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), the Sixth Circuit held that *Booker* does not apply retroactively on collateral review to cases "already final on direct review" at the time the Supreme Court issued the *Booker* decision. *Id.* at 855, 860-63; *see also McReynolds v. United States*, 397 F.3d 479 (7th Cir. Feb. 2, 2005) (holding that *Booker* does not apply retroactively to criminal cases which were final prior to the release of the *Booker* decision on Jan. 12, 2005); *Varela v. United States*, 400 F.3d 864 (11th Cir. Feb. 17, 2005) (holding that *Booker* is not retroactively applicable to a case on collateral review). Since Defendant's case was not pending at the time of the *Booker* decision, he is not entitled to relief pursuant to 28 U.S.C. § 2255.

For the above reasons, Defendant's Motions will be denied. Having so determined, pursuant to 28 U.S.C. § 2253, the Court must further determine whether to grant a certificate of appealability as to each of the issues raised. The Court has reviewed the issues individually as required by the decisions in *Slack v. McDaniel*, 529 U.S. 473 (2000) and *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001). Upon review, this Court finds that reasonable jurists would not find Defendant's position debatable with respect to the substantive grounds for denying relief as to all issues asserted. *See Slack*, 529 U.S. at 482-85; *see also Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001). A certificate of appealability will be denied.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Charles Edward Bennett's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Dkt. No. 563) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** as to all issues asserted pursuant to 28 U.S.C. § 2253.

DATED in Kalamazoo, MI:  
June 9, 2005

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
UNITED STATES DISTRICT JUDGE